IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL BENNETT**, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. **06-595-GPM** |
| ) | |
| **AUSTIN S. RANDOLPH, JR.,**[1] ) | |
| ) | |
| Respondent. ) | |

**REPORT and RECOMMENDATION**

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Petitioner Michael Bennett was convicted of reckless homicide under the influence of alcohol and aggravated driving under the influence of alcohol (DUI) by a Williamson County jury on October 5, 2000. Now before the court is his petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

**Procedural History**

Petitioner's conviction arises out of a vehicular accident which involved a white pickup truck and a black pickup truck. The driver of the black truck, Jeremy Hughes, was killed, and his wife was injured. The jury found that petitioner Bennett was the driver of the white truck.

The facts of the case as described by the Fifth District Appellate Court are as follows:

---

[1] Petitioner is now incarcerated at Illinois River Correctional Center. Austin S. Randolph, Jr., is the warden of that institution, and he is therefore substituted as respondent. See, Doc. 16.

1

> On December 10, 1999, a motor vehicle accident occurred at the intersection of Route 13 and Route 166 in Williamson County. Eyewitnesses to the accident testified that just before 6 p.m. on that evening a white pickup truck traveling eastbound on Route 13 proceeded to make a left turn (north onto Route 166) in front of a black pickup truck that was traveling westbound on Route 13. The two vehicles collided. The driver of the black pickup truck, Jeremy Hughes, was killed. His wife, Brandy Hughes, a passenger in the vehicle, was seriously injured. The driver of the white pickup truck was also seriously injured. The three eyewitnesses to the accident all testified that immediately after the collision they ran to the white pickup truck and observed a man hanging out of the passenger-side window. They did not get a good look at his face and were unable to identify him. They did not observe any other individual in, or exit, the white pickup truck after the accident.

***People v. Bennett*, 771 N.E.2d 533, 534-535.**

In its Rule 23 Order denying the appeal of Bennett's postconviction petition, the court noted that petitioner's blood alcohol content after the accident was 0.314, "more than 3 ½ times the legal limit." **Doc. 12, Ex. N, p. 2**

At trial, after the state rested, petitioner's attorney moved for a directed verdict on the grounds that the state had not proved that Bennett was the driver of the white truck. The trial court allowed the state to reopen its case and to call Tad Thompson, an ambulance attendant who had responded to the scene of the accident. Thompson testified that "He proceeded to the white pickup truck and observed a man hanging out of the passenger-side window. This man was removed from the truck and transported to the hospital. There was no other individual in the truck when Thompson arrived. Thompson identified defendant as the man he had removed from the pickup truck and transported to the hospital." ***Bennett*, 771 N.E.2d at 535-536.**

Bennett was convicted of reckless homicide under the influence of alcohol and aggravated driving under the influence of alcohol. He was sentenced to 12 years on the homicide, but no sentence was imposed on the aggravated DUI. ***Id*, at 535.**

On direct appeal, Bennett asserted that (1) the trial court abused its discretion in allowing

the state to reopen its case, (2) the state failed to prove beyond a reasonable doubt that Bennett was the driver of the white pickup, and (3) the conviction for aggravated DUI must be vacated because it was based on the same act as the conviction for reckless homicide.  **Doc. 12, Ex. A**. (Petitioner prevailed on the third claim, but it had no practical effect, as no sentence had been imposed on the DUI.  See, *Bennett*, **771 N.E.2d at 537-538.**)

Bennett filed a pro se petition for leave to appeal, which raised the same issues, and also asserted that both trial counsel and appellate counsel were ineffective.  **Doc. 12, Ex. E**.  The PLA was denied on October 2, 2002.  **Doc. 12, Ex. F**.

On February 7, 2003, Bennett filed a pro se petition for postconviction relief.  **Doc. 12, Ex. G**.  He amended his petition in May, 2003.  **Doc. 12, Ex. H**.  A second amended petition was filed by appointed counsel on July 9, 2003.  **Doc. 12, Ex. I**.  The second amended petition asserted that (1) trial counsel was ineffective in making the motion for directed verdict, and appellate counsel was  ineffective in failing to raise that issue on direct appeal, and (2) the reckless homicide statute, 720 ILCS 5/9-3(a), is unconstitutional in that it creates a mandatory presumption of guilt based on intoxication.

The postconviction petition was denied on October 31, 2003.  **Doc. 12, Ex. J**.  Bennett appealed.  He filed a brief by counsel and a pro se supplemental brief.  **Doc. 12, Ex. K & L**.  Counsel's brief raised the issue that appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel.  Bennett's pro se brief asserted that postconviction counsel was ineffective in failing to raise the issue about the unconstitutionality of the reckless homicide statute.

The Fifth District denied the appeal in a Rule 23 Order on September 1, 2005.  **Doc. 12,**

**Ex. N**. . The court applied the rule of *Strickland v. Washington*, **466 U.S. 668, 104 S.Ct. 2052, (1984)**, and concluded that both trial counsel and appellate counsel had rendered adequate representation.

In his pro se Petition for Late Leave to Appeal, Bennett raised the issue of whether appellate counsel had been ineffective for failing to raise the ineffectiveness of trial counsel. **Doc. 12, Ex. O**. He also argued that the trial court abused its discretion in allowing the state to reopen its case, that his postconviction counsel had been ineffective, and he argued for the first time that trial counsel had refused to permit him to testify. The PLA was denied on January 25, 2006. **Doc. 12, Ex. P**. The PLA is not file-stamped, and the record does not reveal the date on which it was filed. The order denying leave to appeal does not state that it was denied on procedural grounds.

### Grounds for Habeas Relief

The instant habeas petition was filed on July 13, 2006, and asserts the following grounds:

1. Petitioner's due process and equal protection rights were violated by the trial court's granting leave to the state to reopen its case.

2. Appellate counsel was ineffective in failing to raise the ineffectiveness of trial counsel in moving for a directed verdict.

3. Petitioner's due process and equal protection rights were violated by the use of a jury instruction that put the burden of proof on defendant; the statute under which he was convicted is unconstitutional because it creates a mandatory presumption of recklessness. The evidence showed that the accident was caused by "something other than drugs or alcohol" in that the victim's vehicle only had 20% of its brakes and was traveling in excess of 73 miles per hour.

4. Postconviction counsel was ineffective for failing to raise a meritorious claim and appellate counsel was ineffective for failing to raise the ineffectiveness of postconviction counsel.

### Exhaustion and Procedural Default

Petitioner must clear two procedural hurdles before the Court may reach the merits of his *habeas corpus* petition: exhaustion of remedies and procedural default. **Rodriguez v. Peters**, **63 F.3d 546, 555 (7th Cir. 1995)**. "Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court." **O'Sullivan v. Boerckel**, **526 U.S. 838, 842 (1999)**. "[S]tate prisoners must give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." ***Id.***; **see also, 28 U.S.C. § 2254(c)**. In **O'Sullivan v. Boerckel**, the Supreme Court of the United States specifically addressed exhaustion under Illinois' two-tiered appellate process, holding that issues must be raised not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review (except under a limited number of special circumstances, which are not applicable to this case). **O'Sullivan, 526 U.S. at 843-846.**

Petitioner can circumvent this bar to review if he is able to demonstrate cause for his procedural error **and** establish prejudice resulting from that error, i.e., "cause and prejudice." **Howard v. O'Sullivan**, **185 F.3d 721, 726 (7th Cir. 1999)**; and **Coleman v. Thompson**, **501 U.S. 722, 750 (1991)**. "Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." **Lewis v. Sternes**, **390 F.3d 1019, 1026 (7th Cir. 2004)**. In order to demonstrate prejudice, petitioner must show that the violation of his federal rights caused him actual and substantial prejudice. ***Id.***

Bennett has cleared the first procedural hurdle, exhaustion. He has exhausted all available avenues of relief through the Illinois system, in that he is time barred from further pursuing the alleged constitutional errors in a state post-conviction proceeding. **See 725 ILCS**

5

**5/122-1(c); see also *O'Sullivan*, 526 U.S. at 844 (holding that repetitive petitions are not required).**

## Analysis

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." ***Bell v. Cone*, 535 U.S. 685, 693, 122 S.Ct. 1843, 1849 (2002)**.

Habeas is not another round of appellate review. Federal courts do not review state court determinations of state law questions on habeas review. ***Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); *Bloyer v. Peters*, 5 F.3d 1093, 1098 (7th Cir. 1993). 28 U.S. C. §2254(d)** restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or " a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Bennett's first ground is that his due process and equal protection rights were violated by the trial court's granting the state leave to reopen its case. This point is procedurally defaulted because it was not presented as an issue of federal constitutional law in the state court. Bennett raised a claim on direct appeal that the trial court abused its discretion in allowing the state to reopen its case. However, this was presented as an issue of state law only.

A habeas petitioner must "fairly present" his federal constitutional claim to the state court

for one full round of review.  ***Verdin v. O'Leary*, 972 F.2d 1467, 1472-73 (7th Cir. 1992); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)**.  Fair presentment requires that the point be presented as a matter of *federal constitutional law* at each stage of the state proceedings.  ***Harding v. Sternes*, 380 F.3d 1034, 1046 (7th Cir. 2004).**

"A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  ***Baldwin v. Reese*, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351 (2004).**  Petitioner did none of these things.  The point on direct appeal was stated as the trial court "abused its discretion" in allowing the state to reopen its case.  The authorities relied on in Bennet's brief were a state statute, 725 ILCS 5/115-4(k), and state cases.  That statute reads "When, at the close of the State's evidence or at the close of all of the evidence, the evidence is insufficient to support a finding or verdict of guilty the court may and on motion of the defendant shall make a finding or direct the jury to return a verdict of not guilty, enter a judgment of acquittal and discharge the defendant."  That statute does not suggest a federal constitutional claim.  Bennett's brief on appeal acknowledged that a number of Illinois have held that the decision whether to permit the state to reopen its case is discretionary, but he argued that the court should not follow their "haphazard" reasoning.  **Doc. 12, Ex. A**.

The factors that must be considered when determining whether a habeas petitioner has fairly presented a federal constitutional claim include "(1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the

claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation."

**Perruquet v. Briley, 390 F.3d 505, 519-520 (7th Cir. 2004) [internal citation omitted].**

Here, none of the factors favor petitioner. He did not cite any federal cases or the constitution. The state cases that he cited did not apply a constitutional analysis. His claim was presented in terms of "abuse of discretion," which is not a claim that generally invokes a specific constitutional right. *Wilson v. Briley*, **243 F.3d 325, 328 (7th Cir. 2001)**. The pattern of facts alleged is not within the mainstream of constitutional litigation.

Petitioner acknowledges in his reply that cause for procedural default consists of some external factor outside the control of petitioner. **See, Doc. 14, p.5**. However, he identifies no such cause. The first ground may not be considered.

The second ground is that appellate counsel was ineffective in failing to raise the ineffectiveness of trial counsel on direct appeal. Bennett argues that trial counsel's motion for directed verdict was ineffective assistance.

A claim of ineffectiveness of counsel must itself be presented to a state court for consideration before it can be raised in a habeas petition under §2254. Under Illinois law, claims of ineffective assistance of counsel based on facts appearing in the record can be raised on direct appeal, and claims of ineffective assistance of appellate counsel can be raised in a post-conviction petition. **See,** *Lemons v. O'Sullivan* **54 F.3d 357, 360 - 361 (7thCir. 1995), and Illinois cases cited in footnote 2.**

The failure of appellate counsel to raise the issue can serve as "cause" for failing to raise

trial counsel's ineffectiveness on direct appeal. The failure of appellate counsel must itself be presented for a full round of state court consideration. ***Edwards v. Carpenter*, 529 U.S. 446, 451-425, 120 S.Ct. 1587, 1591 (2000)**. Here, the ineffectiveness of appellate counsel was raised in the postconviction petition and was presented for one full round of review.

Whether counsel was ineffective is governed by ***Strickland v. Washington*, 104 S.Ct. 2052, 2064-65 (1984)**. The issue for this court on habeas is whether the state court's decision was "contrary to" or constituted an "an unreasonable application of" Supreme Court precedent. **28 U.S.C. § 2254(d)(1)**. "Avoiding these pitfalls does not require citation of [Supreme Court] cases - indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." ***Early v. Packer*, 537 U.S. 3, 9, 123 S.Ct. 362 (2002) (emphasis in original).**

The Seventh Circuit has noted that the scope of federal review of state court decisions on habeas is "strictly limited" by **28 U.S.C. § 2254(d)(1)**. ***Jackson v. Frank*, 348 F.3d 658, 661 (7th Cir. 2003)**. The unreasonable application standard is "a difficult standard to meet." ***Id*., at 662**. Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, the state court application must be "something like lying well outside the boundaries of permissible differences of opinion." ***Id*., at 662 (internal citation omitted).**

The Seventh Circuit has emphasized that, when considering a claim of ineffective assistance of counsel on habeas, federal courts must honor any "reasonable" state court decision; "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus." ***Holman v. Gilmore*, 126 F.3d 876, 881-882 (7th Cir. 1997)**.

The Fifth District cited and properly applied the principles enunciated in ***Strickland v.***

*Washington*, **supra,** in its Rule 23 Order denying Bennett's appeal from the dismissal of his postconviction petition.  **Doc. 12, Ex. N.**   The ***Strickland*** analysis is two-pronged; petitioner must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced the defense.  ***Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.**   The court honed in on the second prong, prejudice,  and found that Bennett was not prejudiced because it was within the trial court's discretion to permit the state to re-open its case, the trial court could have done so on its own motion, and, most importantly, there was sufficient evidence upon which to find that Bennett was the driver of the truck even without the additional evidence of the ambulance attendant.  **Ex. N, p. 6.**

      The court noted that it was proper to use circumstantial evidence to establish that petitioner was the driver of the truck., and found that the circumstantial evidence presented at trial before the state reopened its case was sufficient.  In particular, the court noted the following evidence: "Three eyewitnesses to the crash immediately  ran to the white truck and observed in the vehicle only one person, a man who was hanging partially out the truck, tipped forward, face down, out of the passenger-side window.  The state police investigator arrived on the scene and found no one in the white truck.  He was then sent to Marion Memorial Hospital by the ambulance personnel to speak with the person whom they had transported from the crash site to the emergency room: the defendant."   **Ex. N, p. 6**.

      The Appellate Court correctly enunciated the requirements for showing prejudice, that is, petitioner must demonstrate that his attorney's "deficient performance rendered the result of the trial unreliable or fundamentally unfair; a reasonable probability of a different result is not merely a possibility of a different result."  **Ex. N., p.4**.  This comports with the standard set forth

in *Strickland*, **466 U.S. at 694, 104 S.Ct. at 2068**.

The state court's application of Strickland was not unreasonable. It certainly does not lie outside the boundaries of permissible differences of opinion. ***Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003).** This point should be denied.

Bennett's third point is that the statute under which he was convicted is unconstitutional because it creates a mandatory presumption of recklessness, and his due process and equal protection rights were violated by the use of a jury instruction that put the burden of proof on him. This point is procedurally defaulted because it was not presented for a full round of review in the state court. This point was not raised at all on direct appeal. It was raised in the amended post conviction petition, **Ex. I**. However, the point was not included in his brief on appeal from the dismissal of the postconviction petition, or in the petition for leave to appeal to the supreme court. **See, Ex. K & O.**

Bennett argues that the incompetence of postconviction counsel was the cause of his failure to present the unconstitutionality of the statue for one full round of state court review. However, ineffectiveness of postconviction counsel does not constitute cause in the cause and prejudice analysis. ***Szabo v. Walls*, 313 F.3d 392, 396-397 (7th Cir. 2002).**

Absent a specific showing of cause and prejudice, "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" ***Coleman*, 501 U.S. at 748, 750 111 S.Ct. at 2564.** This exception requires a colorable claim of actual innocence as well as an allegation of a constitutional wrong. **See,** ***Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518 (1992).** This is not such a case.

11

Bennett was convicted of reckless homicide in violation of 720 ILCS 5/9-3(a). Former subsection (b) of that statute provided that "In cases involving reckless homicide, being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be presumed to be evidence of a reckless act unless disproved by evidence to the contrary." In ***People v. Pomykala*, 784 N.E.2d 784 (Ill., 2003)**, relied upon by Bennett, the Supreme Court of Illinois held that Section 5/9-3(b) was an unconstitutional mandatory presumption. ***Pomykala*, 784 N.E.2d at 790.** In that case, a non-IPI instruction was given which stated, "If you find from your consideration of all the evidence that the defendant was under the influence of alcohol at the time of the alleged violation, such evidence shall be presumed to be evidence of a reckless act unless disproved by evidence to the contrary." The Supreme Court held that the instruction violated the defendant's due process rights because it impermissibly shifted the burden of proof to him. ***Pomykala*, 784 N.E.2d at 790-791.**

Critically, the Supreme Court also held that subsection (b) is severable from the rest of the statute. ***Pomykala*, 784 N.E.2d at 791**. Thus, contrary to petitioner's suggestion, the statute under which he was convicted, 720 ILCS 5/9-3(a), has not been held to be unconstitutional.

Further, the invalid mandatory presumption of subsection (b) was not invoked in Bennett's case. The jury in his case was instructed that "A person commits the offense of reckless homicide when he unintentionally causes the death of an individual by recklessly driving a motor vehicle in a manner likely to cause death or great bodily harm while under the influence of alcohol or any other drug or drugs." **Doc. 14, p. 10.** This instruction is IPI - 7.09A, definition of aggravated reckless homicide. It is materially different from the instruction that was held invalid in ***Pomykala*** in that it does not tell the jury to presume recklessness from the

fact of intoxication and it does not shift the burden of proof to the defendant.

In sum, Bennett has not demonstrated a constitutional wrong, and he has not advanced a colorable claim of actual innocence.  **See,** ***Sawyer v. Whitley***, **505 U.S. 333, 339, 112 S.Ct. 2514, 2518 (1992) (miscarriage of justice exception applies to "actual" innocence as compared to "legal" innocence).**

Lastly, Bennett's fourth ground, the ineffectiveness of counsel on his postconviction proceedings, can not be considered.  28 U.S.C. §2254(i) unequivocally states "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

## Recommendation

This court recommends that Michael Bennett's Petition for Writ of Habeas Corpus should be denied in all respects.

Objections to this Report and Recommendation must be filed on or before **November 19, 2007.**

**DATE: October 30, 2007.**

                                      s/ Clifford J. Proud
                                      **CLIFFORD J. PROUD**
                                      **UNITED STATES MAGISTRATE JUDGE**